UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT A. DUVAL,

    Petitioner,

v.

                                                                                  Case No.: 8:12-cv-278-T-24-MAP
                                                                                   Case No.: 8:03-cr-131-T-24MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

       This cause comes before the Court on Petitioner Vincent A. Duval's Motion for Relief Pursuant to Rule 60(b) and 60(d). (Civ. Doc. No. 3).

**I.    Background**

       On July 18, 2003, Petitioner pled guilty to Count Three of the Indictment, which charged him with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(111). (Cr. Doc. No. 22). The Court sentenced Petitioner to 262 months imprisonment on October 28, 2003. The judgment was entered against Petitioner the following day, on October 29, 2003. (Cr. Doc. No. 36.) Petitioner appealed his conviction and sentence to the Eleventh Circuit Court of Appeals, which affirmed on June 29, 2004. (Cr. Doc. No. 55). Petitioner did not file a petition for certiorari to the United States Supreme Court.

       On June 1, 2005, Petitioner filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Cr. Doc. No. 58). On August 2, 2005, this Court denied that motion without prejudice because Petitioner failed to file either an amended motion

or a memorandum of law in support of the motion, within the time allowed by the Court. (Cr. Doc. No. 60). Petitioner did not re-file that motion, or a memorandum of law in support thereof. On February 8, 2012, over six years later, Petitioner filed a Section 2255 motion and a memorandum in support of that motion. (Civ. Doc. Nos. 1, 2). On February 13, 2012, this Court denied the motion as untimely. (Civ. Doc. No. 3). On March 26, 2012, Petitioner filed a notice of appeal of the Court's denial of his § 2255 motion. (Civ. Doc. No. 4, pp. 1, 20). That appeal is still pending before the 11th Circuit Court of Appeals. (Civ. Doc. No. 4). On May 23, 2012, Petitioner then filed the instant Motion for Relief Pursuant to Rule 60(b) and 60(d) of the Federal Rules of Civil Procedure. (Civ. Doc. No. 7).

## II. Discussion

In his Rule 60(b) and 60(d) motion, Petitioner challenges this Court's decision that his § 2255 motions was untimely, and he seeks review of his § 2255 motion on the merits. (Civ. Doc. No. 7, pp. 3-6). Despite the fact that the Court's denial of his § 2255 motion as untimely is on appeal, this Court retains subject matter jurisdiction to address the Rule 60(b) motion. See Munoz v. United States, 451 Fed. App'x. 818, 820 (11th Cir. 2011) (holding district court may deny Petitioner's Rule 60(b) motion on the merits, or indicate that the motion raises meritorious or substantial issues, in which case Petitioner must promptly notify the Eleventh Circuit Court of Appeals and petition for remand to the district court).

In this instance, Petitioner's Rule 60(b) and 60(d) motion is not meritorious, and it does not raise a substantial issue. In part, it challenges the same issue previously decided by this Court on February 13, 2012 regarding the timeliness of Petitioner's § 2255 motion. (Civ. Doc. No. 3). The Court stands by its previous ruling that the § 2255 motion was untimely. (Civ. Doc.

2

No. 3). Therefore, that issue is now a question for the appellate court.

To the extent that Petitioner clarifies his argument that his petition should be considered timely because of a new rule announced by the Supreme Court in Carachuri v. Holder, 130 S. Ct. 2577, 2580 (2010), his timeliness argument still fails. Carachuri was decided on June 14, 2010 and the one year statute of limitations period for § 2255 motions runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." See 28 U.S.C. § 2255(f)(3). Petitioner's § 2255 filing on February 8, 2012 was not made within one year of the Supreme Court decision in Carachuri. Nor does Carachuri apply retroactively. See Stewart v. Warden, FCC Coleman-Low, 2012 WL 45421, *1 (M.D. Fla. Jan. 9, 2012) (finding no basis for the retroactive application of Carachuri).

Petitioner's effort to rely on a Fourth Circuit case for timeliness, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), which was decided on August 17, 2011, is similarly ineffective, as the standard in 28 U.S.C. § 2255(f)(3) relates to when a new right is recognized by a *Supreme Court* decision and made retroactively applicable on collateral review. Simmons is a Fourth Circuit case.

Petitioner asserts two other new arguments relating to the timing of his § 2255 motion. First, he argues that he was entitled to equitable tolling. (Civ. Doc. No. 7, pp. 3-4). In order for the statute of limitations to be equitably tolled when a petitioner files an untimely habeas petition, petitioner must establish extraordinary circumstances and due diligence. See Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007). Equitable tolling is an extraordinary remedy that is applied sparingly. Id. The burden of establishing entitlement to this

extraordinary remedy rests with Petitioner. Id. Aside from his argument that Carachuri announced a new right, Petitioner does not offer any other evidence of extraordinary circumstances or due diligence on his part. As such, Petitioner has not met his burden to establish that he is entitled to equitable tolling.

Second, Petitioner argues that he is entitled to liberal construction of his pleadings, given his *pro se* status. (Civ. Doc. No. 7, p. 5). Petitioner's claim that he is entitled to liberal construction of his pleadings as a *pro se* litigant does not change the Court's analysis, as this Court has liberally construed Petitioner's pleadings.

### III. Conclusion

Accordingly, Petitioner's Motion for Relief Pursuant to Rule 60(b) and 60(d) of the Federal Rules of Civil Procedure (Civ. Doc. No. 7), is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of May, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner